**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CUST-O-FAB SERVICE COMPANY, LLC,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**ADMIRAL INSURANCE COMPANY,** )<br>)<br>Defendant. ) | No. 03-CV-495-TCK-FHM |

**OPINION AND ORDER**

Before the Court are Admiral Insurance Company's ("Admiral" or "Defendant") Motion to Alter Opinion and Order Granting Summary Judgment to Plaintiff ("Motion to Alter") (Doc. 66) and Motion for Hearing (Doc. 68). Because this matter has been fully briefed before the Court on numerous occasions, the Court finds that a hearing is unnecessary and accordingly DENIES Admiral's Motion for a Hearing (Doc. 68). Further, for the reasons stated herein, the Court also DENIES Admiral's Motion to Alter (Doc. 66).

**I.     Procedural History[1]**

The parties initially filed cross motions for summary judgment in March 2004. In ruling on these motions for summary judgment, the Court found Defendant had no duty to defend or indemnify and was entitled to summary judgment. Central to the Court's decision was an erroneous reading of the Contract Exclusion. Specifically, as quoted by both parties in their briefs, the Court read the Contract Exclusion to state that the Policy did not apply to "any loss or claim arising out of a failure of performance of any contract by an *insured*," even though the language in the

---

[1] Because the Court has outlined the facts of this case in previous Orders, it does not find it necessary to repeat this exercise. Instead, the Court incorporates the factual background sections of its previous Orders herein.

exclusion included the word "insurer" rather than "insured." (*See* Doc. 45 at 11 (emphasis added).) Based on this reading, the Court found that the exclusion applied and relieved Defendant of its duty to defend on the breach of contract claims asserted against Plaintiff in the Potter County action. The Court further found that Defendant did not have a duty to defend on the negligent misrepresentation claim because this claim was simply a variation of the contract claim and therefore also "fell away with the contract exclusion." (*Id.* at 11-12.) Plaintiff appealed the Court's grant of summary judgment.

On appeal, the Tenth Circuit reversed and remanded this action for further proceedings consistent with its Order. (*See* Order and J. No. 04-5092 slip op. 13.) Specifically, the Tenth Circuit set out four issues for this Court to revisit: 1) determination of the meaning of the Contract Exclusion; 2) the applicability of the administration clause in the EBL Endorsement of the Policy; 3) whether Defendant had the duty to defend Plaintiff in the Potter County action; and 4) whether Defendant has a duty to indemnify Plaintiff.

On remand, the parties again filed cross-motions for summary judgment, which were decided by the Court in a second Order. (*See* Doc. 63.) Therein, the Court addressed the four issues for remand as outlined by the Tenth Circuit and granted summary judgment in favor of Plaintiff. In coming to this conclusion, the Court found that the allegations by the Hospital in the Potter County action were "administrative in nature" and therefore fell within the EBL Endorsement to the Policy. The Court also analyzed the correct language of the Contract Exclusion, and found that, "[a]s the Tenth Circuit all but concluded, the [Contract Exclusion] . . . cannot alleviate Defendant of its duty to defend." (Doc. 63 at 9.) The Court found that there was no ambiguity in the term "insurer," and that "[t]he natural interpretation of the exclusion language applies to third-party insurance providers

2

such as health, life, and unemployment insurers, and not to Cust-O-Fab." (*Id.*) Accordingly, the Court held that the Contract Exclusion did not preclude coverage of the breach of contract claims. Defendant now moves the Court to reconsider its grant of summary judgment in favor of Plaintiff.

**II.     Legal Standard**

A motion to alter or amend a judgment pursuant to Rule 59(e) should be granted only to address: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence.") (internal quotation omitted).

**III.    Discussion**

In its Motion to Alter, Defendant first contends the Court incorrectly concluded that the Contract Exclusion is inapplicable. In support of this position, Defendant asserts that it previously argued that "Cust-O-Fab became an 'insurer' as defined by [Okla. Stat. tit. 36, §§ 102, 103A, 104] after year 2000 when it terminated its 'traditional plan' with Prudential Health Insurance and instead created the 'Cust-O-Fab Employee Health Care Plan.'" (Mot. to Amend 3.) Defendant maintains that the Court should reverse its previous ruling because it did not "address this argument in its Opinion and Order." (*Id.*) The Court finds Defendant's position to be in error.

As noted above, the Court has previously made certain findings with regard to the terms of the Contract Exclusion, which it is unwilling to now reverse. The Court has previously held that

there was no ambiguity in the term "insurer," and that "*[t]he natural interpretation of the exclusion language applies to third-party insurance providers such as health, life, and unemployment insurers, and not to Cust-O-Fab*."  (*Id.* (emphasis added).)  Although not expressly stated in its previous Order, the Court made this finding after considering Defendant's argument that Plaintiff became an "insurer," as that term is interpreted in the Contract Exclusion, when it created the Cust-O-Fab Employee Health Care Plan.  The Court simply disagreed with such interpretation.  Because the Court did not previously outline its rationale in detail, it will do so now.

As noted by Plaintiff, contracts must be interpreted as to give effect to the intention of the parties at the time of contracting, with the intention of the parties to be determined from the terms of the contract itself.  *Public Service Co. of Okla. v. Burlington N. R.R. Co.*, 53 F.3d 1090, 1097 (10th Cir. 1995) (citing *Provident Life & Accident Insur. Co. v. Ridenour*, 838 P.2d 530, 531 (Okla. Ct. App. 1992) and *Mercury Inv. Co. v. F.W. Woolworth Co.*, 706 P.2d 523, 529 (Okla. 1985)).  The language of the Policy demonstrates to the Court that Plaintiff was not intended to constitute an "insurer" for the purposes of the Contract Exclusion.  Throughout the contract, Cust-O-Fab is referred to as "you" and is never referred to as an "insurer."  This is especially important because Defendant alleges that Plaintiff became an "insurer" in 2000, and the policy was purchased in 2001.  If Admiral truly thought Plaintiff was an "insurer" at the time the policy was purchased, it could have drafted the Policy in such a way to make this clear.  However, as written, the Policy does not suggest such an interpretation.

Further, given the general nature of the coverage included in the Policy, the Court finds that the natural interpretation of "insurer" applies to *third-party* insurers.  Had the parties intended Plaintiff to constitute an "insurer" for the purposes of the Contract Exclusion, it would have rendered

the EBL Endorsement meaningless. Finally, the Tenth Circuit implied that Plaintiff is not equivalent to an "insurer" under the Contract Exclusion when it stated "the district court must first determine on remand whether the Policy's contract exclusion applies to 'insurers' *or* to Cust-O-Fab." (*See* Order and J. No. 04-5092 slip op. 11 (emphasis added).)  The Court therefore finds that there is no "clear error" or "manifest injustice," which would render reconsideration of the Court's order necessary pursuant to Rule 59(e).

In further support of its Motion to Alter, Defendant argues that Plaintiff's decision to deny a claim for health benefits was not "administrative" in nature. (*See* Mot. to Alter 6-7.)  Defendant's arguments mirror those previously briefed before the Court.  Because the Court has fully addressed this issue in its prior Order, it declines to re-visit it now.  Accordingly, the Court hereby refers to its previous findings with regard to this issue. (*See* Doc. 63.)

**IV.    Conclusion**

For the reasons stated herein, Admiral Insurance Company's Motion to Alter Opinion and Order Granting Summary Judgment to Plaintiff (Doc. 66) and Motion for Hearing (Doc. 68) are DENIED.  Further, Admiral's Motion to Expedite Ruling (Doc. 74) is hereby MOOT.  The remaining factual issues of Plaintiff's defense costs is REFERRED to Magistrate Judge Frank McCarthy for an evidentiary hearing.  Judgment shall be entered upon resolution of the issue of Plaintiff's defense costs.

**ORDERED this 18th day of JULY, 2007**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

5